[Cite as *State ex rel. Muhammad v. D'Varga*, 2026-Ohio-2900.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Haneef Muhammad, | : | |
| Relator, | : | No. 25AP-968 |
| v. | : | (REGULAR CALENDAR) |
| [Honorable] Jessica D'Varga, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on July 28, 2026

**On brief:** *Haneef Muhammad*, pro se.

**On brief:** *Matthew D. Sturtz*, Assistant City Attorney, and *Richard N. Coglianese*, for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

JAMISON, J.

{¶ 1} Relator, Haneef Muhammad, filed an original action requesting that this court issue a writ of procedendo to compel respondent, Judge Jessica D'Varga, to rule on relator's November 14, 2025 motion to vacate or withdraw plea, or in the alternative, schedule a hearing on the motion to vacate, filed in Franklin M.C. case No. 2007 CRB 014212. Judge D'Varga filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On April 29, 2026, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that this court should grant Judge D'Varga's motion to dismiss relator's

petition for a writ of procedendo. Further, the magistrate denied as moot relator's motion for continuance filed on January 22, 2026.

{¶ 3} "[A] writ of procedendo will not issue to compel the performance of a duty that has already been performed." *State ex rel. Howard v. Skow*, 2004-Ohio-3652, ¶ 9. *See State ex rel. Bortoli v. Dinkelacker*, 2005-Ohio-779, ¶ 3. Judge D'Varga has already taken necessary steps to proceed to judgment, set and held a hearing on February 27, 2026, and ruled on the pending motion on June 3, 2026.

{¶ 4} This court finds that a writ of procedendo cannot issue as respondent has performed the requested action. This court approves the magistrate's decision, including the findings of fact and conclusions of law, and modifies the decision to incorporate the following language that the writ of procedendo is denied as moot because Judge D'Varga has, since the magistrate's decision was issued, ruled on the motion in a decision filed on June 3, 2026.

*Writ of procedendo denied as moot*;
*motion to dismiss denied as moot.*

BOGGS, P.J., and MENTEL, J., concur.

———————————

# APPENDIX
## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Haneef Muhammad, | : | |
| Relator, | : | |
| v. | : | No.  25AP-968 |
| [Honorable] Jessica D'Varga, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 29, 2026

---

*Haneef Muhammad*, pro se.

*Zach Klein*, City Attorney, *Matthew D. Sturtz*, and *Richard N. Coglianese*, for respondent.

---

### IN PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}    Relator, Haneef Muhammad, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, Judge Jessica D'Varga, to rule on relator's November 14, 2025, motion to vacate or withdraw plea. Judge D'Varga has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 6}    1. Relator is the defendant in Franklin M.C. case No. 2007 CR B 014212 ("2007 CR B 014212").

{¶ 7}  2. Judge D'Varga is a judge in the Franklin County Municipal Court and presided over relator's criminal case in 2007 CR B 014212.

{¶ 8}  3. In 2007 CR B 014212, relator was found guilty of domestic violence. On November 14, 2025, relator filed a motion to vacate or withdraw plea under Crim.R. 32.1 or, in the alternative, for evidentiary hearing pursuant to Crim.R. 32.1.

{¶ 9}  4. On December 17, 2025, relator filed the instant procedendo action asking this court to order Judge D'Varga to rule on his November 14, 2025, motion to vacate or withdraw plea in 2007 CR B 014212.

{¶ 10} 5. In 2007 CR B 014212, a post-sentence hearing was scheduled for January 5, 2026, which was continued at the request of the prosecutor/court. The hearing was rescheduled for February 27, 2026.

{¶ 11} 6. In the present action, on January 8, 2026, Judge D'Varga filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6). Relator has filed a brief in opposition to the motion to dismiss, and Judge D'Varga has filed a reply to relator's brief in opposition.

{¶ 12} 7. On January 22, 2026, relator filed a motion for continuance of the hearing in the present action.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court grant Judge D'Varga's motion to dismiss relator's petition for writ of procedendo.

{¶ 14} To be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 1996-Ohio-350. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 1994-Ohio-385.

{¶ 15} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they

affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ **16**} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.'" *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ **17**} In the present case, Judge D'Varga presents the following two grounds for dismissal: (1) the petition fails to state a claim upon which relief in procedendo can be granted because (a) relator cannot show Judge D'Varga has a clear legal duty to decide relator's motion to vacate within 30 days of filing; and (b) Judge D'Varga has neither refused to enter judgment nor has unnecessarily delayed proceeding to judgment because Judge D'Varga has set the matter for a hearing on the motion; and (2) the matter is moot because Judge D'Varga scheduled a hearing on relator's motion to vacate, which will lead to a ruling on that motion, and relator alternatively requested a hearing in his motion to vacate.

{¶ **18**} With regard to the first ground, in his petition, relator argues that he is entitled to procedendo because more than 30 days has elapsed since the filing of his

motion to vacate. However, relator cites no authority for the proposition that procedendo is appropriate after a motion to vacate has been pending more than 30 days. Sup.R. 40(A)(3) provides that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms." Sup.R. 40 is a guide for determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 11. Here, the pending motion to vacate was filed on November 14, 2025, and relator filed his petition in this court on December 17, 2025. At the time of the petition, the court was well within the 120-day time frame in Sup.R. 40. "[P]rocedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *Id*. at ¶ 8. Judge D'Varga did not refuse to render or unduly delay rendering a judgment.

{¶ 19} Furthermore, as pointed out by Judge D'Varga, she neither refused to enter judgment nor unnecessarily delayed proceeding to judgment because she set the matter for a hearing on the motion. A post-sentence hearing was scheduled for January 5, 2026, which was continued at the request of the prosecutor/court. The hearing was rescheduled for February 27, 2026. In his motion to vacate, relator alternatively requested a hearing on the matter, which the trial court granted. For these reasons, relator cannot establish he has a clear legal right to require Judge D'Varga to proceed to judgment at this time or Judge D'Varga has a clear legal duty to proceed to judgment at this time.

{¶ 20} In her second ground for dismissal, Judge D'Varga asserts that the matter is moot because she has taken affirmative steps toward full performance of the requested act by scheduling a hearing on relator's motion to vacate. The Supreme Court of Ohio has held that setting a matter for hearing renders a complaint for procedendo moot. *See State ex rel. Rohrer v. Holzapfel*, 2016-Ohio-7827; *see also State ex rel. Ramirez v. Cuyahoga Cty. Domestic Relations Court*, 2025-Ohio-2601, ¶ 5 (8th Dist.), citing *Rohrer* and *State ex rel. S.Y.C. v. Floyd*, 2018-Ohio-2743, ¶ 11, 13 (8th Dist.). Here, Judge D'Varga set relator's post-conviction motion for a hearing on January 5, 2026, which was continued to February 27, 2026. As explained above, in his motion to vacate, relator alternatively sought a hearing on the motion, and the trial court granted this request. This hearing will ultimately result in a decision, which is the relief relator is seeking in this procedendo

action. Therefore, because Judge D'Varga scheduled relator's motion to vacate for a hearing, relator's present procedendo petition is moot, and the matter must be dismissed on this ground, as well.

{¶ 21} Accordingly, it is the magistrate's decision that this court should grant Judge D'Varga's motion to dismiss relator's petition for writ of procedendo. Relator's January 22, 2026, motion for continuance is denied as moot.

S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.